IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| COMBEX WESTHEM, LLC and COMBEX AB, | § § § § § § § § § § § § § | Civil Action No. C-04-439 No. C-05-235 |
| Plaintiffs/Counter-Defendants, | | |
| v. | | |
| VISTA USA, LLC and GARFIELD F. SHEARS, | | |
| Defendants/Counter-Claimants. | | |

## ORDER DENYING MOTION TO SET ASIDE DISMISSAL AND ENTER JUDGMENT PURSUANT TO SETTLEMENT

On this day came on to be considered Defendants' Motion to Set Aside Dismissal and Enter Judgment Pursuant to Settlement (D.E. 55).

It is well established that because federal courts are courts of limited jurisdiction, a district court generally lacks power to enforce a settlement agreement after a case has been dismissed pursuant to the settlement agreement. Hospitality House, Inc. v. Gilbert, 298 F.3d 424, 430 (5th Cir. 2002). "Enforcement of [a] settlement agreement . . . , whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378 (1994); see also Woolwine Ford Lincoln Mercury v. Consol. Fin. Res., Inc., 245 F.3d 791 (5th Cir. 2000) (unpublished table decision) (district court lacked jurisdiction to enforce settlement agreement in a diversity case). The Fifth Circuit has explained:

> [A] court's ancillary jurisdiction to manage its proceedings, vindicate its authority, and effectuate its decrees provides such an independent jurisdictional basis to enforce a settlement agreement only if the parties' obligation to comply with the terms of the

>settlement agreement ha[s] been made part of the order of dismissal . . . . [A] court may make a settlement agreement part of its dismissal order: either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.

Hospitality House, Inc., 298 F.3d at 430 (emphasis added) (internal citations and quotation marks omitted).

As evidenced by the Court's October 30, 2005 Agreed Order of Dismissal (D.E. 54), the Court did not make the parties' obligation to comply with the terms of the settlement agreement part of its Order. The Court did not include a separate provision retaining jurisdiction to enforce the settlement agreement nor did it incorporate the terms of the settlement agreement in the Order. Accordingly, the Court lacks jurisdiction to enforce the parties' settlement agreement.

For the reasons stated, the Court hereby DENIES Defendants' Motion to Set Aside Dismissal and Enter Judgment Pursuant to Settlement (D.E. 55).

SIGNED and ENTERED this 13th day of July, 2006.

_____
Janis Graham Jack
United States District Judge